```
Tania L. Whiteleather SBN 141227
Law Offices of Tania L. Whiteleather, Inc.
5445 E. Del Amo Blvd. Ste 207
Lakewood, CA 90712
tel (562) 866-8755     fax (562) 866-6875
tlwhiteleather@gmail.com
```

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.F., a minor, by and through his Guardian Ad MELANIE FLYTE, <br><br> Plaintiff, <br><br> v. <br><br> ANTIOCH UNIFIED SCHOOL DISTRICT, A Local Educational Agency, <br><br> Defendant. | CASE NO. <br><br> COMPLAINT FOR REVERSAL OF ADMINISTRATIVE ORDER DISMISSING PLAINTIFF'S DUE PROCESS COMPLAINT |

Plaintiff N.F. alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction of this action under 20 U.S.C. § 1415(g), and 28 U.S.C. §§ 1331 and 1343.  This action is brought pursuant to, pursuant to the Individuals with Disabilities Education Act ("IDEA").

**THE PARTIES**

2.  Plaintiff N.F., a minor, is a student with a disability who, at all times relevant to this

1

complaint, has resided within the attendance boundaries of Antioch Unified School District ("AUSD") and was eligible for special education services pursuant to the IDEA and State law.

3. Defendant ANTIOCH UNIFIED SCHOOL DISTRICT ("AUSD") is, and at all times herein mentioned was a school district duly organized and existing under the laws of the State of California as a local educational agency ("LEA"). At all times relevant to this matter, including the period of time that N.F. attended a public charter school, AUSD remained N.F.'s "District of Residence" and bore the responsibility for the provision of a free and appropriate public education ("FAPE") to N.F.; AUSD, as the District of Residence, has had the duty to comply with all mandates of the IDEA and related State law.

**COMPLAINT**

4. Plaintiff was the Petitioner in a due process hearing complaint filed with the California Office of Administrative Hearings ("OAH"), OAH Case No. 2020020567. His issues raised in that matter were:

    1) Whether AUSD, as the District of Residence for N.F., was required to convene an IEP team meeting and to make an offer of free appropriate public education to him and his parents from February 2018 forward, for the 2018-19 school year, and for the 2019-20 school year;

    2) Whether AUSD should have given simple information to N.F.'s parents regarding his proposed placement in April 2018;

    3) Whether AUSD denied the parents meaningful participation in the IEP process when it failed to hold an IEP and identify and offer FAPE to N.F. from February 2018 forward;

    4) Whether AUSD timely responded to the parents' request on several occasions from March 2018 forward, for AUSD to hold an IEP team meeting to discuss N.F.'s needs, goals, services, and placement, and whether any delay denied the parents meaningful participation in N.F.'s IEP process;

    5) Whether AUSD has denied N.F. and his parents rights under Section 504, ADA, and State civil rights laws.

    5.   AUSD moved to dismiss Plaintiff's due process complaint, alleging that it had no duties to N.F. even though it was his "District of Residence."  On March 12, 2020, OAH issued an Order Granting Motion to Dismiss, finding that AUSD was "not a proper party to this action as it is not the LEA responsible for providing Student a FAPE so long as Student is enrolled in CAVA."  (A copy of that Order is attached hereto as Exhibit 1)

    6.   The OAH administrative law judge ("ALJ") failed to consider and apply federal law regarding public charter schools, specifically, 34 C.F.R. § 130 and 34 C.F.R. § 300.36.  Those regulations identify a public charter school as one of the parentally placed private school placements for students with disabilities.  Nothing in State law or IDEA relieves AUSD of its duty – as N.F.'s District of Residence – to hold an IEP for N.F. and to offer him a free appropriate

3

public education or "FAPE".

7. The OAH ALJ also overlooked the fact that N.F.'s parents had placed N.F. at CAVA and made a written request to AUSD for an IEP and FAPE offer. Under clear precedent, a parent may place his child in a private placement, including a public charter school, and seek an order of FAPE from the child's District of Residence.

8. Following the OAH Order dismissing Plaintiff's due process complaint, Plaintiff timely filed a Motion for Reconsideration. That motion was denied on March 25, 2020, and a copy of that Order Denying Motion for Reconsideration is attached hereto as Exhibit 2.

9. In an attempt to resolve the issue of OAH's dismissal, Plaintiff filed a complaint with the State Department of Education, Procedural Safeguards Unit. That complaint was filed on April 13, 2020, and the California Department of Education has yet to respond – in any way – to Plaintiff's complaint.

10. Plaintiff now timely files his District Court complaint to reverse the OAH Order Denying his Motion for Reconsideration of the OAH Order Dismissing his due process complaint.

**FIRST CAUSE OF ACTION**

**For Reversal of OAH Order to Dismiss**

11. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 10 of the Complaint as though fully set forth herein.

4

12. N.F., a resident of the Antioch Unified School District, was entitled to a due process hearing on the issues raised in his due process complaint.  OAH denied N.F. that right, dismissing his OAH complaint based upon an incorrect interpretation of the law.  As a result, N.F. has had no IEP or FAPE offer from AUSD and no determination as to AUSD's duty to N.F. under IDEA and State law.

## SECOND CAUSE OF ACTION

**For Payment of Reasonable Attorney's Fees and Costs.**

13. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 12 of the Complaint as though fully set forth herein.

14. Plaintiff seeks reasonable attorney's fees and costs in this matter, should the OAH Dismissal be reversed and remanded for hearing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

<u>On Plaintiff's First Cause of Action</u>:

That the Court Order the following:

1. Reverse the OAH Order Denying Motion for Reconsideration and remand Plaintiff's due process hearing and issues to OAH for determination;

<u>On Plaintiff's Second Cause of Action</u>:

2. Award reasonable attorney's fees and costs incurred by Plaintiff in connection with

5

```
           his the underlying administrative due
              process matter;
      3. Make any order the Court finds appropriate
              in this matter and under its authority.
Date: June 22, 2020

                              By:/s/ Tania L. Whiteleather
                                 TANIA L. WHITELEATHER
                                 Attorney for Plaintiff
```