**EXHIBIT 1**

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

IN THE MATTER OF:

PARENT ON BEHALF OF STUDENT,

v.

ANTIOCH UNIFIED SCHOOL DISTRICT.

OAH CASE NUMBER 2020020567

ORDER GRANTING MOTION TO DISMISS

MARCH 12, 2020

On February 13, 2020, Student filed a Request for Due Process Hearing, complaint, with the Office of Administrative Hearings, naming Antioch Unified School District. The Office of Administrative Hearings shall be referred to as OAH.

On February 24, 2020, Antioch filed a Motion to Dismiss, alleging that Antioch is not the local educational agency responsible for providing Student a free appropriate public education. Additionally, Antioch alleged that Student raised claims outside of the jurisdiction of OAH. On February 27, 2020, Student filed an opposition. On February 28, 2020, Antioch filed a reply to Student's opposition.

The Individuals with Disabilities Education Act is referred to as the IDEA. A local educational agency is referred to as an LEA. A special education local plan area is

referred to as a SELPA. An Individualized Education Program is referred to as an IEP. A free appropriate public education is referred to as FAPE.

## APPLICABLE LAW

Under the IDEA, a local education agency, known as a LEA, is charged with "providing for the education of children with disabilities within its jurisdiction." (20 U.S.C. § 1413(a)(1).) "Local educational agency" means a school district, a county office of education, a nonprofit charter school participating as a member of a special education local plan area, or a special education local plan area. (Ed. Code, § 56026.3.)

Special education due process hearing procedures extend to the parent or guardian, to the student in certain circumstances, and to "the public agency involved in any decisions regarding a pupil." (Ed. Code, § 56501, subd. (a).)

California law determines which LEA is responsible for the provision of FAPE and preparation of an IEP. (*B.H. v. Manhattan Beach Unified Sch. Dist.* (2019) 35 Cal.App.5th 563, 570-572.) The determination of the responsible LEA is usually a function of the parent's residency. (*Id.*, citing Ed. Code, §§ 48200 and 56208; *Katz v. Los Gatos-Saratoga Joint Union High Sch. Dist.* (2004) 117 Cal.App.4th 47, 54, 11 Cal.Rptr.3d 546.) However, there are exceptions. (*B.H., supra,* 35 Cal.App.5th 563, 570-572.) One such exception applies when a student enrolls in a California charter school.

All California charter schools are responsible for complying with the IDEA. (Ed. Code, §§ 47641 and 47646; 34 C.F.R § 300.209(a).) California charter schools have two options with respect to special education. A charter school may be designated its own local education agency and join a, Special Education Local Plan Area, known as a SELPA, or a charter school may be designated a school within the LEA which authorized the charter. (Ed. Code, §§ 47641 and 47646.) When a charter school is designated as its

2

own independent LEA member of a SELPA for special education purposes, the charter school is solely responsible for implementing all state and federal special education requirement and for complying with all applicable laws and regulations pertaining to students with disabilities. (Ed. Code, § 47641; 34 C.F.R § 300.209(c); See also California Department of Education, Official Letter, December 27, 2017.) When a charter school is a school of an LEA, the authorizing LEA is responsible for ensuring that children with disabilities in the charter school are provided a FAPE in a manner consistent with the requirements of IDEA and conforms to California statutes and regulations. (Ed. Code, § 47646; 34 C.F.R § 300.209(b).)

Under California law, when a student enrolls in a charter school, the local educational agency charged with the responsibility to provide that student a FAPE shifts. (See Ed. Code, §§ 47641 and 47646; 34 C.F.R § 300.209(a).) The general rule that the district of residency is responsible for FAPE gives way to the Education Code provision explicitly placing such responsibility on the charter school or its authorizing LEA.

The purpose of the IDEA is to "ensure that all children with disabilities have available to them a free appropriate public education", and to protect the rights of those children and their parents. (20 U.S.C. § 1400(d)(1)(A), (B), and (C); see also Ed. Code, § 56000.) A party has the right to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." (20 U.S.C. § 1415(b)(6); Ed. Code, § 56501, subd. (a) [party has a right to present a complaint regarding matters involving proposal or refusal to initiate or change the identification, assessment, or educational placement of a child; the provision of a FAPE to a child; the refusal of a parent or guardian to consent to an assessment of a child; or a disagreement between a parent or guardian and the public education agency as to the availability of a program

appropriate for a child, including the question of financial responsibility].) The jurisdiction of OAH is limited to these matters. (*Wyner v. Manhattan Beach Unified Sch. Dist.* (9th Cir. 2000) 223 F.3d 1026, 1028-1029.)

OAH does not have jurisdiction to entertain claims based on Section 504 of the Rehabilitation Act of 1973 (Section 504) (29 U.S.C. § 701 et seq.), the Americans with Disability Act (ADA) (Title 42 U.S.C. §§ 1201, et seq.) or the Unruh Civil Rights Act (Civ. Code, § 51).

## DISCUSSION

In the present matter, both parties agree that Student has been enrolled in California Virtual Charter School, known as CAVA, a California charter school, for the entire time period at issue. Student resides within the jurisdictional boundaries of Antioch. As alleged in Student's complaint, Parents placed Student in CAVA on February 12, 2018, because they disagreed with Antioch's offer of placement for a 45-day period in which Student was to attend an interim alternative educational placement, referred to as an IAES. Antioch did not place Student at CAVA. Antioch is not the authorizing LEA for CAVA. After the 45 days in which the IAES was to occur, Parents contacted Antioch to request an IEP placement. Student remained enrolled in CAVA. CAVA is providing Student with an IEP.

Antioch refused to offer Student an IEP until the Student enrolled in the district. Student refused to enroll in Antioch until he knew what the district would offer. This stalemate led to the current request for due process, and motion to dismiss brought by Antioch.

In his complaint, Student raises five issues.

Issue One: Whether Antioch, as the district of residence for Student, was required to convene an IEP team meeting and to make an offer of free appropriate public education to him and his parents from February 2018 forward, for the 2018-19 school year, and for the 2019-20 school year.

Issue Two: Whether Antioch should have given simple information to Student's parents regarding his proposed placement in April 2018.

Issue Three: Whether Antioch denied parents meaningful participation in the IEP process when it failed to hold an IEP and identify and offer FAPE to Student from February 2018 forward.

Issue Four: Whether Antioch timely responded to the parents' request on several occasions from March 2018 forward, for Antioch to hold an IEP team meeting to discuss Student's needs, goals, services, and placement and whether any delay denied the parents meaningful participation in Student's IEP process.

Issue five: Whether Antioch has denied Student's and his parents' rights under Section 504, ADA, and State civil rights law.

Antioch is not a proper party to this action as it is not the LEA responsible for providing Student a FAPE so long as Student is enrolled in CAVA. CAVA, or its authorizing LEA, is responsible for providing Student with a FAPE so long as Student is enrolled in the charter school.

In his opposition to Antioch's motion to dismiss, Student points to legal authority supporting the idea that a student placed in a private school has the right to an offer of FAPE from his district of residence. However, California charter schools are not private schools, they are public schools. The distinction is important. Private schools are not

5

public agencies and they are not required to offer students a FAPE. Under the law, a student unilaterally placed in a private school has a right to an offer of FAPE from his district of residence, but a student unilaterally placed in a charter school does not. Antioch provided clear legal authority that CAVA, the charter school, or its authorizing LEA is solely responsible for providing Student a FAPE.

Additionally, OAH does not have jurisdiction over Student's issue five, as the issue relates to claims under Section 504, the ADA, and State civil rights laws.

ORDER

Antioch's Motion to Dismiss is granted. The matter is dismissed.

IT IS SO ORDERED.

DocuSigned by:
*Cararea Lucier*
761F5E42057B4A1...

Cararea Lucier

Administrative Law Judge

Office of Administrative Hearings

# DECLARATION OF SERVICE

# OAH CASE NUMBER 2020020567

I, Apryl-Lazell Davison, declare as follows: I am over 18 years of age and am not a party to this action. I am employed by the Office of Administrative Hearings. My business address is 2349 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833. On March 12, 2020, I served a copy of the following documents in the action entitled above:

# ORDER GRANTING MOTION TO DISMISS

to each of the persons named below at the addresses listed after each name by the following methods:

> Tania L. Whiteleather
> Attorney at Law
> tlwhiteleather@gmail.com

> Matthew J. Tamel
> Dannis Woliver Kelley
> mtamel@dwkesq.com, ktrent@dwkesq.com
> kcrawford@dwkesq.com